**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOLDENPEAKS POLAND HOLDING LIMITED, | ) | Case No. 26-90564 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOLDENPEAKS POLAND LLC, | ) | Case No. 26-90558 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ALPHA ENERGY MALTA LIMITED, | ) | Case No. 26-90565 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ALPHA RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90577 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BRAVO RENEWBLE ENERGY SP. Z O.O., | ) | Case No. 26-90578 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE BIS RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90579 (ARP) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLIE RENEWBLE ENERGY SP. Z O.O., | ) | Case No. 26-90580 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

4939-0440-0304.4 31827.00002

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DE RENEWABLE ENERGY HOLDING LIMITED, | ) | Case No. 26-90559 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELTA RENEWABLE ENERGY LIMITED, | ) | Case No. 26-90563 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELTA RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90581 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ECHO RENEWABLE ENERGY LIMITED, | ) | Case No. 26-90560 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ECHO RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90582 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FOXTROT RENEWABLE ENERGY LIMITED, | ) | Case No. 26-90561 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FOXTROT RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90583 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

2

4939-0440-0304.4 31827.00002

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GAMMA ENERGY LIMITED, | ) | Case No. 26-90562 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GAMMA RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90584 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HELIOS ENERGY LIMITED, | ) | Case No. 26-90566 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HELIOS RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90585 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| IRIS ENERGY LIMITED, | ) | Case No. 26-90567 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| IRIS RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90586 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JUNO ENERGY LIMITED, | ) | Case No. 26-90568 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

3

4939-0440-0304.4 31827.00002

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JUNO RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90587 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LETO ENERGY HOLDING LIMITED, | ) | Case No. 26-90569 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LETO ENERGY LIMITED, | ) | Case No. 26-90570 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LETO RENEWABLE ENERGY LIMITED, | ) | Case No. 26-90571 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LETO RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90588 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PROJECT BRAVO MALTA LTD, | ) | Case No. 26-90572 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PROJECT CHARLIE SPC LIMITED, | ) | Case No. 26-90573 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

4

4939-0440-0304.4 31827.00002

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIERRA ENERGY LIMITED, | ) | Case No. 26-90574 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIERRA RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90589 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TIMBER ENERGY LIMITED, | ) | Case No. 26-90575 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TIMBER RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90590 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WHISKEY ENERGY LIMITED, | ) | Case No. 26-90576 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WHISKEY RENEWABLE ENERGY SP. Z O.O., | ) | Case No. 26-90591 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GOLDENPEAKS BESS POLAND HOLDING LIMITED, | ) | Case No. 26-90594 (ARP) |
| Debtor. | ) | |
| | ) | |

4939-0440-0304.4 31827.00002

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOLDENPEAKS BESS POLAND LIMITED, | ) | Case No. 26-90595 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AZURE ENERGY LIMITED, | ) | Case No. 26-90592 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AZURE RENEWABLE ENERGY SP. Z.O.O., | ) | Case No. 26-90593 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RHEA RENEWABLE ENERGY LIMITED, | ) | Case No. 26-90596 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| RHEA RENEWABLE ENERGY SP. Z.O.O., | ) | Case No. 26-90597 (ARP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTORS' EMERGENCY MOTION FOR ORDER
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

6

> **Emergency relief has been requested. Relief is requested not later than May 29, 2026.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

## RELIEF REQUESTED

1.      By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto (the "Order"), (a) directing procedural consolidation and joint administration of these Chapter 11 Cases and (b) granting related relief.

2.      Specifically, the Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Debtor, GoldenPeaks Poland Holding Limited, and that the cases be administered under a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GOLDENPEAKS POLAND HOLDING LIMITED, *et al.*, | Case No. 26-90564 (ARP) |
| Debtors.[1] | (Jointly Administered) |

---

[1]  A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/GoldenPeaks. The location of Debtor GoldenPeaks Poland LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 801 Louisiana Street, Suite 368, Houston, TX 77002.

3.      The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (defined below).

4939-0440-0304.4 31827.00002

4.      The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than Debtor GoldenPeaks Poland Holding Limited, to reflect the joint administration of these Chapter 11 Cases:

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. **The docket in Case No. 26-90564 (ARP) should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in and all further docket entries shall be made in such case**. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: ALPHA ENERGY MALTA LIMITED, Case No. 26-90565 (ARP); ALPHA RENEWABLE ENERGY SP. Z O.O., Case No. 26-90577 (ARP); BRAVO RENEWBLE ENERGY SP. Z O.O., Case No. 26-90578 (ARP); CHARLIE BIS RENEWABLE ENERGY SP. ZO.O., Case No. 26-90579 (ARP); CHARLIE RENEWBLE ENERGY SP. Z O.O., Case No. 26-90580 (ARP); DE RENEWABLE ENERGY HOLDING LIMITED, Case No. 26-90559 (ARP); DELTA RENEWABLE ENERGY LIMITED, Case No. 26-90563 (ARP); DELTA RENEWABLE ENERGY SP. Z O.O., Case No. 26-90581 (ARP); ECHO RENEWABLE ENERGY LIMITED, Case No. 26-90560 (ARP); ECHO RENEWABLE ENERGY SP. Z O.O., Case No. 26-90582 (ARP); FOXTROT RENEWABLE ENERGY LIMITED, Case No. 26-90561 (ARP); FOXTROT RENEWABLE ENERGY SP. Z O.O., Case No. 26-90583 (ARP); GAMMA ENERGY LIMITED, Case No. 26-90562 (ARP); GAMMA RENEWABLE ENERGY SP. Z O.O., Case No. 26-90584 (ARP); GOLDENPEAKS POLAND HOLDING LIMITED, Case No. 26-90564 (ARP); GOLDENPEAKS POLAND LLC, Case No. 26-90558 (ARP); HELIOS ENERGY LIMITED, Case No. 26-90566 (ARP); HELIOS RENEWABLE ENERGY SP. Z O.O., Case No. 26-90585 (ARP); IRIS ENERGY LIMITED, Case No. 26-90567 (ARP); IRIS RENEWABLE ENERGY SP. Z O.O., Case No. 26-90586 (ARP); JUNO ENERGY LIMITED, Case No. 26-90568 (ARP); JUNO RENEWABLE ENERGY SP. Z O.O., Case No. 26-90587 (ARP); LETO ENERGY HOLDING LIMITED, Case No. 26-90569 (ARP); LETO ENERGY LIMITED, Case No. 26-90570 (ARP); LETO RENEWABLE ENERGY LIMITED, Case No. 26-90571 (ARP); LETO RENEWABLE ENERGY SP. Z O.O., Case No. 26-90588 (ARP); PROJECT BRAVO MALTA LTD, Case No. 26-90572 (ARP); PROJECT CHARLIE SPC LIMITED, Case No. 26-90573 (ARP); SIERRA ENERGY LIMITED, Case No. 26-90574 (ARP); SIERRA RENEWABLE ENERGY SP. Z O.O., Case No. 26-90589 (ARP); TIMBER ENERGY LIMITED, Case No. 26-90575 (ARP); TIMBER RENEWABLE ENERGY SP. Z O.O., Case No. 26-90590 (ARP); WHISKEY ENERGY LIMITED, Case No. 26-90576 (ARP); WHISKEY RENEWABLE ENERGY SP. Z O.O., Case No. 26-90591 (ARP); GOLDENPEAKS BESS POLAND HOLDING LIMITED, Case No. 26-90594 (AARP); GOLDENPEAKS BESS POLAND LIMITED, Case No. 26-90594 (ARP); AZURE ENERGY LIMITED, Case No. 26-90592 (ARP); AZURE

8

RENEWABLE ENERGY SP. Z.O.O., CASE NO. 26-90593 (ARP); RHEA RENEWABLE ENERGY LIMITED, Case No. 26-90596 (ARP); and RHEA RENEWABLE ENERGY SP. Z.O.O., Case No. 26-90597 (ARP).

## JURISDICTION AND VENUE

5.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein are sections 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1015(b) and 7008, and Rules 1015-1, 1075-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## GENERAL BACKGROUND

8.      On the date hereof (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

## BASIS FOR RELIEF

9.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  FED. R. BANKR. P. 1015. The Debtor entities that commenced these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the

9

Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Furthermore, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases for procedural purposes.

10. Joint administration for procedural purposes only is appropriate in the Debtors' cases. Given the integrated nature of the Debtors' operations, joint administration will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each of the five Debtor entities. Joint administration as requested herein will allow the U.S. Trustee and all parties in interest to monitor these Chapter 11 Cases efficiently and with greater ease, as all filings will be available on one docket rather than across multiple dockets.

11. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. In fact, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. The entry of an order directing joint administration will reduce fees and costs by avoiding duplicative filings. Parties in interest will still receive notices as required in the Bankruptcy Rules and the Local Rules or pursuant to this Court's orders. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

**EMERGENCY CONSIDERATION**

12. The Debtors request emergency consideration of the Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability

4939-0440-0304.4 31827.00002

of the Debtors' operations and that any delay in granting the relief requested could hinder such operations and cause irreparable harm. This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The requested relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested herein on an emergency basis.

## NOTICE

13.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules and Local Rules. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the claimants identified on the listing of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the parties holding secured claims against the Debtors; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; (g) governmental agencies having a regulatory or statutory interest in these cases; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

*[Remainder of Page Intentionally Left Blank]*

11

## CONCLUSION

**WHEREFORE**, the Debtors request that the Court enter the attached Order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: May 29, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Benjamin L. Wallen*
Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Steven W. Golden (SBT 24099681)
Benjamin L. Wallen (SBT 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (to be admitted *pro hac vice*)
Debra I. Grassgreen (to be admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on May 29, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Benjamin L. Wallen*
Benjamin L. Wallen

12

4939-0440-0304.4 31827.00002