**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>GOLDENPEAKS POLAND HOLDING LIMITED, *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-90564 (ARP)<br><br>(Jointly Administered) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR (A) ENTRY OF AN ORDER TO APPEAR AND SHOW CAUSE AGAINST (1) SPECTRIS ENERGY SP. Z.O.O., (2) MJ FOUNDATION FUNDACJA RODZINNA, (3) WHITE & CASE LLP, (4) GRZEGORZ ABRAM, (5) TOMASZ LOOSE, AND (6) LUKASZ WOJCIAK, AND (B) THE IMPOSITION OF COMPENSATORY AND COERCIVE SANCTIONS FOR VIOLATING THE AUTOMATIC STAY**

> **Emergency relief has been requested.  Relief is requested not later than June 8, 2026 at 8:00 a.m. (prevailing Central Time).**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on June 8, 2026, at 8:00 a.m. (prevailing Central Time).  You may participate in the hearing either in person or by an audio and video connection, unless otherwise ordered by the Court.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Pérez's conference room number is 282694  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Pérez's homepage.  The meeting code is "judgeperez."  Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Pérez's homepage.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]   A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/GoldenPeaks. The location of Debtor Goldenpeaks Poland LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 801 Louisiana Street, Suite 368, Houston, TX 77002.

4914-0048-6322.6 31827.00003

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this emergency motion (this "Motion"):

## PRELIMINARY STATEMENT[2]

1. The Debtors bring this Motion to enforce the automatic stay and require Respondents to (a) maintain the availability of critical property of the Debtors' estates; including, books and records and other data necessary for the seamless and real-time operation of the Debtors' solar power infrastructure (the "Debtors' Data"); and (b) cease interfering with the Debtors' ability to access the Debtors' Data. The Debtors' Data is primarily held by non-Debtor former affiliates called Spectris Energy and Spectris Services. Unimpeded access to the Debtors' Data *is required to enable the Debtors to effectively <u>and safely</u> operate their business*. Spectris Energy is now purportedly controlled by an entity called MJ Foundation, which upon information and belief, purportedly exercised a share pledge to obtain such control. However, as detailed below, MJ Foundation has gone far beyond taking control over Spectris Energy and the Debtors' Data held by that entity.

2. The Debtors have a contractual right of access to the Debtors' Data maintained by Spectris Energy and Spectris Services. Nevertheless, on June 1, 2026, just days after the Petition Date, MJ Foundation—through three individuals (including an attorney from White & Case's[3] Warsaw office) claiming to be Spectris Energy's newly-appointed directors—arrived *at GPCS's offices* and demanded that Spectris Energy's CEO direct a group of employees—including employees of entities *other than Spectris Energy*— to (a) refuse to cooperate with or provide the

---

[2]  Capitalized terms not defined in this Preliminary Statement shall have the meanings ascribed to them below.

[3]  White & Case LLP also represents Prime Capital AG, a mezzanine secured creditor in the Debtors' bankruptcy cases, and has filed a notice of appearance [Docket No. 43] and appeared at the first day hearing in these cases on June 3, 2026. The U.S.-based White & Case attorneys who represent Prime Capital AG are not the same White & Case attorneys who represent MJ Foundation in Europe.

Debtors' Data to the Debtors and their advisors, and (b) deny access to Spectris Energy's *and Spectris Services's* systems housing the Debtors' Data (the "Interfering Instructions").

3.      Hours later, after learning of Respondents' Interfering Instructions, the Debtors sent a Letter to White & Case informing Respondents of the Debtors' Chapter 11 Cases, describing the scope of the automatic stay, and demanding that the Interfering Instructions be rescinded and that the Debtors be provided with access to the Debtors' Data. *See* Allen Dec. Ex A.[4]

4.      Regrettably, Respondents ignored the Letter and refused to remedy their unlawful conduct, jeopardizing not only the Debtors' business but putting peoples' safety at risk. *The Debtors have not had access to the Debtors' Data since June 1*, the Debtors' ability to operate continues to be impaired, and the Debtors continue to otherwise be damaged by Respondents' failure to abide by the automatic stay and refusal to withdraw the Interfering Instructions. Moreover, Respondents' actions undermine the confidence of all stakeholders in the integrity of the Chapter 11 process and such actions are highly disruptive to the Debtors' efforts to maximize value for their stakeholders.

5.      Accordingly, by this Motion, the Debtors request (a) entry of an order, in substantially the form attached hereto (the "Order"), directing Respondents to appear at a hearing (the "Show Cause Hearing") to show cause why Respondents should not be held in contempt for violating the automatic stay, and (b) imposing (i) coercive sanctions against Respondents until Respondents remedy their violations of the automatic stay, and (ii) compensatory sanctions against Respondents in an amount of damages incurred by the Debtors, including professional fees and expenses, to be established by the Debtors once Respondents remedy their non-compliance and violations of the automatic stay.

---

[4]   "Allen Dec." refers to the *Declaration of Jaimin Allen* filed in support of the Motion.

**JURISDICTION AND VENUE**

6.      The United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code and Bankruptcy Rules 9014, 9020, and rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

**GENERAL BACKGROUND**

9.      On May 29, 2026 (the "Petition Date"), the Debtors commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the Bankruptcy Court.

10.      The Debtors and their non-debtor subsidiaries are an independent renewable energy power producer in Eastern Europe and the largest owner of solar photovoltaic assets in Poland. The Debtors were previously part of a larger group of companies that own and operate a renewable energy platform that includes integration of project development and engineering, financing and structuring, supply chain management, construction and commissioning, asset operations, and commercial and energy sales, among others, where all services have been historically provided by the wider group.  In order to survive, however, the Debtors separated from the larger group of companies and established an independent operating company around the Company's solar projects located in Poland.

11.     Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 cases is set forth in the *Declaration of Edward Manning, Restructuring Advisor to the Debtors, in Support of the Chapter 11 Petitions and First Day Relief* [Docket No. 19], which is incorporated by reference herein.

### RESPONDENTS' VIOLATION OF THE AUTOMATIC STAY

12.     Prior to the Petition Date, the Debtors' operations were integrated with non-Debtor GoldenPeaks Capital Holdings ("GPCH") and certain of its affiliates (collectively, the "GP Group"). The Polish operations of the GP Group (including the Debtors) have historically been run out of the Warsaw offices (the "Offices") of non-Debtor GoldenPeaks Capital Services Limited ("GPCS"), GPCH's direct subsidiary. The GP Group's Polish operations have been supported by employees and contractors of three entities (collectively, the "Employees"): (a) Spectris Energy sp. z.o.o. ("Spectris Energy"), a direct subsidiary of GPCS; (b) Spectris Energy Services sp. z.o.o. ("Spectris Services"), a direct subsidiary of GPCS; and (c) Mercer Solar sp. z.o.o. ("Mercer"), an indirect subsidiary of GPPH. Employees of Spectris Energy, Spectris Services, and Mercer all work from the Offices (which are leased by GPCS).

13.     The most critical of the Debtors' Data—and that which the Interfering Instructions have most precipitously affected—are: (a) a supervisory control and data acquisition system (the "SCADA System") that is operated off hardware owned and software licensed by *Spectris Services*; (b) Sharepoint, *licensed through GPCS*, which houses (among other things) the Employees' emails; and (c) accounting software called Optima.

14.     GPCS, Spectris Energy, and Spectris Services are the custodians of the Debtors' books and records and certain key data regarding the Debtors' finances and operations (*i.e.*, the Debtors' Data), including real-time information regarding the operation of the Debtors' solar

power infrastructure. This real-time data, which comes through the SCADA System, is essential for the safe operation of the Debtors' solar power infrastructure. Without the Debtors' Data, the Debtors not only lack the ability to operate, but risk putting lives in danger—right now, the Debtors are unable to monitor whether there are any warning signs of *or even actual, present danger* occurring at or within their power infrastructure.

15. On May 25, 2026, as part of the Debtors' effort to separate themselves from GPCH and operate independently, the Debtors obtained a legal right of access to the Debtors' Data maintained by GPCS, Spectris Energy, and Spectris Services.

16. The Debtors understand that Spectris Energy filed for the opening of a Polish remedial proceeding (a type of Polish restructuring proceeding) and that a temporary court supervision is in place, but the restructuring motion has not yet been resolved by the Court. The Debtors also understand that GPCS apparently defaulted on certain secured obligations to MJ Foundation Fundacja Rodzinna ("MJ Foundation") and that following such default, MJ Foundation purportedly exercised its rights under a certain pledge agreement and obtained control of Spectris Energy on or about June 1, 2026. To the Debtors' knowledge, however, MJ Foundation neither had nor purported to exercise any rights or control over Spectris Services, Mercer, or GPCS.[5]

17. It appears that MJ Foundation's first order of business was to take complete control of all communications and systems—evidently including communications from and systems owned by entities other than Spectris Energy. On June 1, 2026, Tomasz Loose, purportedly acting as the President of the Management Board of Spectris Energy, sent an email to the Employees

---

[5] To be clear, even if they had, it would not give MJ Foundation the right to deprive the Debtors' access to the Debtors' Data.

(which, again, included employees and contractors of entities other than Spectris Energy) announcing his alleged ascension to his new role, stating that he would be, among other things, assessing the company's financial condition, and directing that "to streamline communication and ensure consistency of actions, as of today all contacts of the Company's employees and collaborators with external parties, including advisors, require my prior approval." *See* Allen Dec. Ex. B.

18.     The following day, Mr. Loose exerted his promised control to the Debtors' extreme detriment.   On June 2, 2026, representatives of Alvarez and Marsal ("A&M"), the Debtors' financial advisors, and Ergy sp. z.o.o. ("Ergy"), the professional management company that the Debtors have engaged to manage the Debtors' Polish operations, were working with certain individuals at the Offices to stabilize the Debtors' operations.  During the day, three representatives of MJ Foundation—Grzegorz Abram (a partner in the Warsaw office of White & Case, counsel to MJ Foundation), Mr. Loose, and Lukasz Wojciak (collectively, with Spectris Energy, MJ Investments, and White & Case, the "Respondents")—arrived at GPCS's offices and asserted that, following MJ Foundation's purported enforcement of its Spectris Energy share pledge, they were now the sole directors of Spectris Energy.

19.     After asserting control, they demanded that Spectris Energy's CEO direct a group of employees—including employees of entities *other than Spectris Energy*— to (a) refuse to cooperate with or provide the Debtors' Data to the Debtors and their advisors, and (b) deny access to Spectris Energy's *and Spectris Services's* systems housing the Debtors' Data (*i.e.* the Interfering Instructions).  A&M and Ergy personnel were also told to leave the Office and prohibited from returning.

20.     Later that day, Debtors' counsel emailed a letter to Mr. Abram (the "Letter"), informing him of the Debtors' bankruptcy filing and the imposition of the automatic stay, and demanding that the Respondents retract their Interfering Instructions.  The Letter also directed Mr. Abram to the website maintained by the Debtors' claims and noticing agent to obtain copies of the Debtors' petitions for relief and all pleadings filed in the Chapter 11 Cases.  While Debtors' counsel has subsequently attempted (without success) to address these matters with United States-based attorneys at White & Case, Mr. Abram and the other Respondents have ignored the Debtors' Letter and related demands.

## BASIS FOR RELIEF

### A.     The Automatic Stay Applies to Respondents

21.     Upon the filing of a bankruptcy petition, "an automatic stay operates as a self-executing injunction" that prevents creditors from pursuing collection efforts against, or taking control over, the property of the debtor's estate. *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354–55 (5th Cir. 2008). The purpose of the automatic stay is to provide debtors with a "breathing spell from [their] creditors" and channel competing claims for a debtor's assets into a single forum to provide a platform for the debtor's reorganization. *Browning v. Navarro*, 743 F.2d 1069, 1083 (5th Cir. 1984) (citations omitted); *see also In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990); *In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1409 (5th Cir. 1986), *on reh'g en banc*, 808 F.2d 363 (5th Cir. 1987*), aff'd sub nom. United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988) (similar).

22.     Given its fundamental importance to a debtor's reorganization, courts broadly construe the Bankruptcy Code's automatic stay provisions. *See In re Padilla*, 379 B.R. 643, 662 (Bankr. S.D. Tex. 2007). The application of the protections afforded a debtor by section 362 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition. Among other things, "[a]

petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of, (3). . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . . (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . .").

23. On the Petition Date, the automatic stay went into effect, forbidding, *inter alia*, all actions to exercise control over the Debtors' property, including the Debtors' Data. Respondents knew or should have known of the existence of the automatic stay when they issued the Interfering Instructions—but certainly knew of it after Debtors' counsel sent the Letter last Monday. By issuing the Interfering Instructions, Respondents unlawfully exercised control over the Debtors' Data. As a result, by issuing and then refusing to retract the Interfering Instructions, Respondents have willfully violated the automatic stay.

**B.     Respondents Should "Show Cause" as to Why They Are Not in Contempt of Court for Violating the Automatic Stay**

24. This Court has authority to fashion appropriate remedies for violations of the automatic stay. *See* 11 U.S.C. § 105(a); *see also In re Noram Res., Inc.*, No. 08-38222, 2015 WL 5965654, at *4 (Bankr. S.D. Tex. Oct. 9, 2015) ("[T]he Court may invoke its civil contempt powers under § 105(a) to remedy violations of the automatic stay."). The Fifth Circuit Court of Appeals created a three-part test to determine whether an actionable violation of the stay occurred: (1) the creditor must have known of the existence of the stay; (2) the creditor's acts must have been intentional; and (3) the creditor's acts must have violated the stay. *Young v. Repine (In re Repine)*, 536 F.3d 512, 519 (5th Cir. 2008). "Specific intent to violate the stay is not required. Only acts which violate the stay need be intentionally committed." *In re MD Promenade, Inc.*, No. 08-34113-SGJ-7, 2009 WL 80203, at *13 (Bankr. N.D. Tex. Jan. 8, 2009) (quoting *In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118, 125 (Bankr. N.D. Tex. 2003)).

25.     As set forth above, no later than June 1, 2026, Respondents were told in writing (a) that the Debtors had filed for bankruptcy, (b) how to obtain access to all documents filed in the Chapter 11 Cases, (c) of the existence and scope of the automatic stay, and (d) to retract the Interfering Instructions or the Debtors would be forced to seek relief from the Bankruptcy Court. Respondents failed to respond to the Debtors' Letter and are ignoring their legal obligations, to the detriment of the Debtors and their stakeholders. *Cf. In re Freemyer Indus. Pressure, Inc.*, 281 B.R. 262, 267 (Bankr. N.D. Tex. 2002) ("[O]nce a party is put on notice of a bankruptcy filing, he is under a duty to seek further information which should reveal the applicability and scope of the automatic stay." (citing *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 904 (Bankr. E.D. Pa. 1987))).

26.     Notably, through the Letter and their communications with U.S.-based attorneys at White & Case, the Debtors attempted to amicably resolve Respondents' violations of the automatic stay, but those efforts have been unsuccessful.

27.     As a result, the Debtors request that the Bankruptcy Court enter an Order requiring Respondents to show cause why the Court should not exercise its civil contempt powers to: (i) coerce Respondents into complying with the automatic stay by immediately withdrawing the Interfering Instructions and providing the Debtors with reasonable access to the Debtors' Data and (ii) compensate the Debtors for their damages, including (but not limited to) professional fees, costs, and expenses, as a result of the bad faith actions perpetrated by Respondents.

## EMERGENCY CONSIDERATION

28.     The Debtors appreciate the Court's willingness to hear this Motion on an emergency basis on Monday, June 8, 2026 at 8:00 a.m. Central Time. Respondents' violation of the automatic stay remains ongoing, and the Debtors require immediate access to the Debtors'

Data.  Without the immediate access to the Debtors' Data, the Debtors will be unable to manage their business to the detriment of the Debtors' estates and their stakeholders.  Moreover, the Debtors require immediate action to halt the disruptive effects of Respondents' actions on their efforts to maximize value during these Chapter 11 Cases for the benefit of their stakeholders.

## RESERVATION OF RIGHTS

29.    Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or third party; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

## NOTICE

30.    Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules and Local Rules.  The Debtors will provide notice of this motion to the parties identified on the Debtors' Master Service List and to Respondents.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that this Court enter appropriate orders granting the relief requested herein and granting such other and further relief as is just and proper under the circumstances.

Dated: June 4, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Steven W. Golden (SBT 24099681)
Benjamin L. Wallen (SBT 24102623)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Certificate of Service

I certify that on June __, 2026, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Steven W. Golden*

Steven W. Golden

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>GOLDENPEAKS POLAND HOLDING LIMITED, *et al*,<br><br>         Debtors.[1] | Chapter 11<br><br>Case No. 26-90564 (ARP)<br><br>(Jointly Administered) |

**ORDER TO APPEAR AND SHOW CAUSE AGAINST (1) SPECTRIS ENERGY SP. Z.O.O., (2) MJ FOUNDATION FUNDACJA RODZINNA, (3) WHITE & CASE LLP, (4) GRZEGORZ ABRAM, (5) TOMASZ LOOSE, AND (6) LUKASZ WOJCIAK**

(Related Docket No. _____)

Spectris Energy sp. z.o.o., MJ Foundation Fundacja Rodzinna, White & Case LLP, Grzegorz Abram, Tomasz Loose, and Lukasz Wojciak (collectively, the "Respondents") shall appear (virtually) before this Court on June ___, 2026 at _____ (prevailing Central Time) and show cause (i) why Respondents should not be held in contempt of court for violations of the automatic stay contained in section 362(a) of the Bankruptcy Code, and (ii) why the Court should not order compensatory and coercive sanctions against Respondents.

Failure to appear at the time and date above may result in the Court issuing a bench warrant for Respondents' arrest. The Respondents are advised to retain counsel.

The Debtors shall serve a copy of this Order *via* overnight mail and email (where available) and file a certificate of service by no later than June ___, 2026 at __:__ p.m.

Dated: _____, 2026

             _____
             ALFREDO R. PÉREZ
             UNITED STATES BANKRUPTCY JUDGE

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/GoldenPeaks. The location of Debtor Goldenpeaks Poland LLC's principal place of business and the Debtors' service address in these Chapter 11 cases is 801 Louisiana Street, Suite 368, Houston, TX 77002.

4914-0048-6322.6 31827.00003